UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

SABRA ABDU MOHAMMED,

Petitioner,

v.

CURTIS J. ALJETS, District Director,
Immigration and Naturalization Service,
and JOHN ASHCROFT,
U.S. Attorney General,

Respondents.

---

Civil No. 02-349 (JEL/AJB)

**MEMORANDUM AND ORDER**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) Respondents have filed a return and motion to dismiss the petition, (Docket No. 5), which is also before the Court. For the reasons discussed below, Respondents will be required to file a supplemental return in this matter.

Based on Petitioner's submissions to date, it is now clear that Petitioner is not challenging the order directing that he be removed to Ethiopia. (See Petitioner's Reply Memorandum, [Docket No. 15], pp. 3-5.) Instead, Petitioner is claiming only that the United States Immigration and Naturalization Service, ("INS"), can no longer legally detain him pending the actual execution of his removal order. Simply put, he wants to be released from custody until the INS is actually ready and able to send him back to Ethiopia.

Petitioner's claim is based on the Supreme Court's decision in Zadvydas v. Davis, 121 S.Ct. 2491 (2001). There, the Court held that the INS cannot detain a removable alien for more than six months after his or her removal order became final, if there is "no

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

significant likelihood" that removal will actually be effected "in the reasonably foreseeable future." Id. at 2505.

According to Respondents, Petitioner's removal order became final on May 3, 2001, which means that, per Zadvydas, the INS should have deported Petitioner, or released him from custody, by no later than November 3, 2001 -- six months after his removal order became final. Petitioner was still in INS custody, however, when he filed his current habeas corpus petition on February 8, 2002. Moreover, it appears that Petitioner is still in INS custody today – more than nine months after the date by which he should have been either removed or released.

Respondents contend that the INS can lawfully continue to detain Petitioner, because there still is a "significant likelihood" that he will be removed to Ethiopia "in the reasonably foreseeable future." The Court, however, is becoming increasingly skeptical about that assertion with each passing day. As the Supreme Court pointed out in Zadvydas: "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id. In other words, the longer Petitioner remains in INS custody, the stronger his Zadvydas claim becomes.

Respondents filed a declaration several months ago, which indicated that the INS was "hopeful" that Petitioner's "travel document" would be issued, and that he would therefore be ready for removal, within 60 to 120 days after February 28, 2002. (Declaration of Benjamin T. Jorgenson, [Docket No. 6].) That 60 to 120 day time frame has now expired, and, as far as the Court can tell, Petitioner is no closer to removal.

The Court also notes that there seems to be a factual dispute in this case regarding Petitioner's willingness to assist the INS in its effort to remove him. Respondents assert that Petitioner has refused to apply for travel documents, (Respondent's Return, [Docket No. 5], pp. 7, 17), but Petitioner expressly denies that assertion, (Petitioner's Reply, [Docket No. 15], pp. 11-12). It may be necessary to conduct an evidentiary hearing to resolve this apparent factual dispute, unless Respondents can clarify their position on the issue and show why such a hearing should not be required.

Finally, the Court has considered the case of Lengesso v. Aljets, No. 01-966 (DSD/FLN), which has been mentioned by both Respondents and Petitioner. Respondents contend that Lengesso is indistinguishable from this case, and should be followed here. In Lengesso, District Court Judge David Doty, (adopting a Report and Recommendation by Magistrate Judge Franklin Noel), concluded that an Ethiopian alien could properly be detained beyond the six-month term approved in Zadvydas, because the record showed that there was a significant likelihood the INS would be able to deport him to Ethiopia in the reasonably foreseeable future. Respondent urges the Court to reach the same conclusion here.

However, Petitioner represents that he is personally familiar with the Lengesso matter, and that the alien in that case, Mr. Lengesso, ultimately was granted pre-removal release from INS custody. (Petitioner's Reply Memorandum, [Docket No. 15], p. 18.) According to Petitioner, the INS released Mr. Lengesso in May 2002, which was approximately three months after Judge Doty dismissed his habeas petition. Evidently, the INS released Mr. Lengesso because it finally concluded -- despite its previous assertions to the contrary -- that there was not a significant likelihood that Lengesso would actually be

removed to Ethiopia in the reasonably foreseeable future. If Petitioner's assertions about the Lengesso case are correct, then Petitioner seems to have good cause to wonder why the INS would release Mr. Lengesso but not him.

With the foregoing matters in mind, the Court will now order Respondents to file a supplemental return in this case, which should discuss the following:

(i) all actions that the INS has taken to date to effect Petitioner's removal to Ethiopia;

(ii) what, specifically, the INS has requested Petitioner to do to assist in his own removal, how such requests have been presented to Petitioner, and how Petitioner has responded to such requests;

(iii) the INS's current "best estimate" of the date by which Petitioner's removal will actually be completed;

(iv) the status of Kadir Lengesso, the petitioner in Lengesso v. Aljets, No. 01-996 (DSD/FLN), and if Petitioner is being treated differently from Mr. Lengesso, why that is so.

Respondents will be required to file their supplemental return by September 13, 2002. Petitioner will be given until October 4, 2002, to file a reply to the supplemental return.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. On or before September 13, 2002, Respondents shall file a supplemental return in this proceeding, which addresses the matters identified in this Memorandum and Order; and

2. Petitioner shall submit his reply to the supplemental return, if any, by no later than October 4, 2002.

Dated: August 20th, 2002

ARTHUR J. BOYLAN
United States Magistrate Judge